UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

|  |  |
|---|---|
| | :     Case No. 10-10146 |
| In re: |          (Chapter 11) |
| | : |
| VEBLEN EAST DAIRY LIMITED | |
| PARTNERSHIP, | : |
| Tax ID/EIN: 20-8870979, | |
| | : |
| Debtor. | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

**AGSTAR'S MOTION FOR REDUCED NOTICE OF
AGSTAR FINANCIAL SERVICES, PCA
AND AGSTAR FINANCIAL SERVICES, FLCA'S
MOTION TO EXCUSE COMPLIANCE
WITH 11 U.S.C. § 543(A), (B) AND (C)**

AgStar Financial Services, PCA and AgStar Financial Services, FLCA ("AgStar")

move the Court for reduced notice on the following grounds:

1.  AgStar has filed a Motion to Excuse Compliance with 11 U.S.C. § 543(a),

(b) and (c).

2.  AgStar requests that the Court reduce notice of its Motion under

Fed.R.Bankr.P. 9006(c) and establish a deadline for objection of Monday, July 12, 2010,

at Noon (CDT) for the following reasons:

(a)  Value-Added Science & Technologies, L.L.C., acting through

Steven Weiss, its Manager, has been serving as the State Court

Receiver over Veblen East since March 3, 2010.

00677439.1

(b)     The Receiver, who has been operating the Debtor for over four

months, has accomplished numerous important tasks including: (1)

assuming operation and control; (2) stabilizing the work force; (3)

negotiating a settlement with the SD DENR on important

environmental issues; (4) evaluating the Debtor's financial prospects

on a going concern and liquidation basis; (5) protecting the Debtor

from unfair transactions with insiders; (6) establishing effective

relationships with vendors and secured creditors; and (7) submitting

detailed reports on the Debtor's operation.

(c)     The Debtor concedes that the Receiver has done and is doing a

competent job in managing the Debtor's assets.

(d)     There is a substantial issue between the Debtor's limited partners

and general partner regarding who had the right and authority to file

the petition and who has the authority to manage estate.  AgStar

expects Debtor's limited partners to shortly file pleadings with the

Court asking the Court to resolve those issues.

(e)     AgStar intends to move for the appointment of an operating trustee

in the very near future.

(f)     It is questionable whether the Debtor can provide adequate

protection for use of cash collateral, although the employees need to

00677439.1                                            2

be paid and cattle need to be fed until the Court decides some significant issues in this case.

(g)    The Debtor has purportedly retained a Chief Restructuring Officer ("CRO"), but the CRO's qualifications and experience are not known and whose employment has not been approved by the Court under 11 U.S.C. § 327.

(h)    Under 11 U.S.C. § 543, the Receiver is required to turn over the assets or the estate to the debtor in possession unless the Court orders otherwise after findings based on the best interest of the creditors.

(i)    Common sense and good business practice dictate that the current Receiver remain in possession and in custody of the assets of the estate under the Court's supervision until important issues are resolved by the Court.

(j)    Potential irreparable harm dictate that AgStar's Motion needs to be heard sooner, as opposed to later.

WHEREFORE, AgStar requests an Order reducing notice and setting noon on Monday, July 12, 2010, as the deadline for objecting to its Motion.

Dated this 8th day of July, 2010.

WOODS, FULLER, SHULTZ & SMITH P.C.

By /s/ ROGER W. DAMGAARD
    Roger W. Damgaard (#340)
    300 South Phillips Avenue, Suite 300
    Post Office Box 5027
    Sioux Falls, South Dakota 57117-5027
    Attorneys for AgStar Financial Services, PCA
    and AgStar Financial Services, FLCA
    Telephone (605) 336-3890
    Fax No. (605) 339-3357
    E-mail: Roger.Damgaard@woodsfuller.com

00677439.1

4