UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

|  |  |  |
|---|---|---|
| In re: | ) | Bankr. No. 10-10146 |
|  | ) | Chapter 11 |
|  | ) |  |
| VEBLEN EAST DAIRY LIMITED | ) | JOINDER OF HANUL PROFESSIONAL |
| PARTNERSHIP | ) | LAW CORPORATION, ET AL. IN |
| Tax ID/EIN 20-8870979, | ) | AGSTAR FINANCIAL SERVICES, PCA |
|  | ) | AND AGSTAR FINANCIAL SERVICES, |
|  | ) | FLCA'S MOTION TO EXCUSE |
|  | ) | COMPLIANCE WITH |
| Debtor. | ) | 11 U.S.C. § 543(a), (b) and (c) |

COMES NOW HANUL PROFESSIONAL LAW CORPORATION, A/K/A HANUL LAW OFFICE ("Hanul") and the 32 limited partners as set forth on Attachment A ("Limited Partners") of Veblen East Dairy Limited Partnership, the Debtor herein, by and through their attorneys, Jeff Sveen of Siegel, Barnett & Schutz, L.L.P. of Aberdeen, South Dakota, and Terry N. Prendergast of Murphy, Goldammer & Prendergast, LLP of Sioux Falls, South Dakota, and respectfully join in the Motion of AgStar Financial Services, PCA and AgStar Financial Services, FLCA to excuse compliance with 11 U.S.C. § 543(a), (b) and (c), and in support thereof allege and state as follows:

1.      The Debtor filed a voluntary Chapter 11 Petition in bankruptcy on or about July 2, 2010.  Such Petition has recently come to the attention of the Limited Partners and Hanul, and an investigation is being done as to the authority to so file.

2.      This matter arises under 11 U.S.C. § 543(d) and Bankruptcy Rules of Procedure 9013 and 9014.

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and the Order of General Reference, dated July 27, 1984, entered by United States District Court, District of South Dakota.

4.      Your Petitioners are Hanul Professional Law Corporation, a/k/a Hanul Law Office, a creditor of the Debtor in the amount of $2,000,000, and holder of a pledge of all of the general partnership interests in the Debtor to secure said payments.  As such, Hanul notified the Debtor that it was taking control of all voting powers and ownership rights of the general partnership interests prior to the Petition

date. (See attached Exhibits A-1, A-2, and A-3—letters Dated May 11, 2010). Despite such notice, the Debtor ignored the notice and apparently executed documents putting the Debtor into a Chapter 11 bankruptcy.

5.      The Minnesota District Court in Blue Earth County, Fifth Judicial Circuit, CIV. 10-7 14, entered an Order appointing Value-Added Science & Technologies, L.L.C. ("VAST"), acting through Steven Weiss, its Manager, as the Receiver in the estate of Veblen East Dairy Limited Partnership on or about March 3, 2010.

6.      Following said date, the Debtor, by and through its general partner, has ignored Hanul's demand for the general partnership interests of the Debtor, and has now sought to discharge the Receiver, which would violate the fiduciary duties owed to the Limited Partners herein and further ignores Hanul's taking control of the general partnership interests.

7.      The Debtor is owned by the Limited Partners, who hold a 60.445% interest. The general partnership interest is 39.555%. The Limited Partners and Hanul assert that the General Partner did not have the authority to authorize and execute the bankruptcy Petition and therefore, do not have the authority to continue to operate the Debtor post-filing. The Limited Partners assert that the bankruptcy Petition was filed without their authorization and consent in violation of the General Partner's authority under the partnership agreement, and Hanul asserts that the bankruptcy Petition was unauthorized since the General Partner acted after its voting power and control had been taken through the notice by Hanul. The related issues include the effect of actions by the Limited Partners on the interest of the general partnership, the application of the limited partnership agreement, and the effect of the state court receivership order.

8.      Hanul and the Limited Partners are further concerned with Rick Millner's ability or inability to manage the various dairies and related entities and the transfers between and conflicts of interest involving this Debtor.

9.      The Limited Partners and Hanul further object to the failure to approve the professional persons sought to be approved for the Debtor: Steven Nerger of Silverman Consulting as Chief Restructuring Officer and PRM, owned and directed by Rick Millner, as Manager.

WHEREFORE, the Limited Partners and Hanul support AgStar's Motion to Excuse Compliance and the retention of the Receiver in possession, custody and control of the Debtor and its assets, until the Court has had an opportunity to hear AgStar's motion for appointment of an operating trustee, the Limited Partners and Hanul, any motion by the Debtor's Limited Partners to resolve conflicts in the

management and control of Debtor, Debtor's preliminary motion for use of cash collateral, and request that reports of the Receiver be provided to these parties through counsel on an ongoing basis.

Dated this 12th day of July, 2010.

 /s/ Terry N. Prendergast
Terry N. Prendergast
Paul V. Goldammer
Murphy, Goldammer & Prendergast, LLP
101 North Phillips Avenue, Suite 402
P.O. Box 1535
Sioux Falls, SD  57101-1535
PHONE: (605) 331-2975 FAX: (605) 331-6473
E-MAIL:  terry@mgplawfirm.com

and

Jeffrey T. Sveen
Siegel, Barnett & Schutz, L.L.P.
P.O. Box 490
Aberdeen, SD  57402
PHONE:  (605) 225-5420 FAX:  (605) 226-1911
E-MAIL:  jsveen@sbslaw.net

*Attorneys for Hanul Professional Law*
 *Corporation, et al.*

**ATTACHMENT A**

Hanul Professional Law Corporation, a/k/a Hanul Law Office; and

32 Limited Partners of Veblen East Dairy Limited Partnership, namely:

Yong Jin Huh
Jang Woo Cho
Seung Hee Chang
Jae Keun Park
Ye Na Choi (Kang)
Mi Hye Kim (So)
Sung Tae Kim
Young Bo Kim
Kyung Min Lee
Sung Jun Moon
Young Jin Lee
Jung Sook Park
Greena Cha
Sung Hee Lim
Sun Kyung Lee
Hoon Sup Oh
Hee Sun Kim
Sun Kap Lee
Won Jae Kim
Jong Soo Lee
Yong Ho Kim
Young Hee Park
Sungtae Kim
Jee Hyun Kim
Eunjoo Sohn
Taemoo Kim
Sinyong Moon
Ja Ryoung Chung
Heejun Lee
Ok Heui Kim
Cheyeon Lee
Yun Kyung Cho