UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

_____

In re:                                                             Case No:  10-10146
                                                                   (Chapter 11)
VEBLEN EAST DAIRY
LIMITED PARTNERSHIP,
Tax ID/EIN: XX-XXX0979

                    Debtor.

_____

**OPPOSITION TO EXCUSE 543 COMPLIANCE**
**RESPONSE OF STOCKMAN'S SUPPLY AND BIG JOHNSON CONSTRUCTION**
**TO AGSTAR FINANCIAL SERVICES, FLCA'S MOTION TO EXCUSE COMPLIANCE**
**WITH 11 U.S.C. § 543 (a), (b) and (c)**

_____

TO AGSTAR FINANCIAL SERVICES, PCA AND OTHER PARTIES IN INTEREST

**INTRODUCTION**

Stockman's Supply and Big Johnson Construction (collectively referred to as "Unsecured Creditors") by and through their attorneys, oppose Agstar Financial Services, PCA and AgStar Financial Services, FLCA's (collectively referred to as "AgStar") Motion to Excuse Compliance with 11 U.S.C. § 543 (a), (b) and (c) because the Unsecured Creditors believe Veblen East Dairy Limited Partnership ("Debtor") should be given the chance to reorganize and, based upon documentation filed by the Receiver, AgStar's Receiver intends to liquidate the Debtor which result in absolutely no chance that the Unsecured Creditors would recover the monies which they are owed.  Stockman's Supply is currently owed $946,000 plus interest.  Big Johnson Construction is currently owed in excess of $400,000 plus interest.

The Unsecured Creditors dispute that the Receiver is protecting the assets of the Debtor as it claims.  Instead, the Receiver is representing AgStar's interests and attempting to liquidate

assets for the benefit of AgStar alone.  This intent to liquidate is evident in AgStar's Motion where they state, "The evidence will show that the Debtor does not have a reasonable likelihood of rehabilitating."  (AgStar's Motion to Excuse Compliance with 11 U.S.C. § 543 (a), (b) and (c) at ¶ 17.)  Furthermore, the intent to liquidate is evidenced in the Receiver's Second Report filed in AgStar's action against Debtors and other interested parties in the Minnesota District Court in Blue Earth County, Fifth Judicial Circuit, CV-10-714, which states, "Receiver has formulated a recommendation for liquidation, which is now ready for submission to the Court for a full evidentiary hearing as provided for in paragraph 6(d) of the Order."  (Second Report of Receiver, VAST, to the Court and Application for Entry of Order Scheduling Conference and Evidentiary Hearing dated May 3, 2010 attached as Exhibit 1 to Affidavit of Marcus J. Christianson.) Furthermore, the Receiver's attorney's letter to the Minnesota District Court requests an "Order that would provide for an orderly liquidation of the animals at Veblen East Dairy in Veblen, South Dakota."  (Letter brief from Charles T. Patterson to the Court dated June 7, 2010 attached as Exhibit 2 to Affidavit of Marcus J. Christianson.)

The Unsecured Creditors, at this point, are not as a group represented.  To the undersigned's knowledge, no creditors committee has been formed and, in fact, the Unsecured Creditors responding to this motion only learned of the bankruptcy filing on July 9, 2010.  The Unsecured Creditors are concerned that AgStar, at this point, is using the Chapter 11 as a mechanism to go forward with the liquidation of the assets for the benefit of AgStar and to the exclusion of other parties in interest, such as the Unsecured Creditors.

In the Receiver's correspondence of May 3, 2010, Mr. Weiss states "we believe that the fair value of assets is lower than the senior debt that is owed.  Accordingly, the senior lenders represent the only group that has a realistic economic interest in Veblen East."  (Ex. 1.)  The

correspondence of May 3, 2010 submitted to the Blue Earth County District Court makes it clear that the Receiver views its duty, not to the Debtor's estate or all the creditors of the Debtor but rather to AgStar.  It is not in the best interest of the Unsecured Creditors to have the Receiver continue in possession, custody and control of the Debtor's assets

AgStar has also now filed a motion before the Court for the appointment of a trustee. The Unsecured Creditors have not been provided with enough information to make a determination whether the appointment of a Receiver is in the best interest of Unsecured Creditors.  It is clear, however, that the appointment of a trustee, if necessary, would provide for a mechanism for the protection of all of the creditors and interested parties.  The proposed use of the Receiver would only protect and advance the interest of AgStar.

Furthermore, based upon information and belief, the AgStar Receiver abandoned the Debtor and Debtor's property shortly after Debtor filed bankruptcy.  AgStar in its Motion to Excuse Compliance claims it would be "in the best interest of creditors and the estate to avoid a knee-jerk conversion from the current Receiver to an operating trustee or the CRO without careful planning."  (¶ 26.)  The Receiver has already abandoned the Debtor forcing the CRO to step in and run the operation.


Dated this 12th day of July, 2010    /e/ Marcus J. Christianson_____ _____
                Marcus J. Christianson       #16743
                MASCHKA, RIEDY & RIES
                Attorney for Stockman Supply, Inc. and
                   Big Johnson Construction
                201 North Broad Street, Suite 200
                P.O. Box 7
                Mankato, MN 56002-0007
                Telephone:  507-625-6600
                Email:  marc_christianson@mrr-law.com